UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BARBARA JEAN MURREN,**

      **Plaintiff,**

**v.**                                     **Case No:  6:17-cv-1931-Orl-18GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

---

## REPORT AND RECOMMENDATION

Barbara Jean Murren (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability and Supplemental Security Income benefits. Doc. No. 1. Claimant alleges a disability onset date of December 31, 2011. R. 191, 199. Claimant argues that the Administrative Law Judge (the "ALJ") made the following errors: (1) finding that Claimant's mental conditions did not constitute severe impairments; (2) finding that Claimant has the residual functional capacity ("RFC") for light work, but not adequately considering and weighing the medical opinions; and (3) relying on the vocational expert's ("VE") vocational interrogatory, which was based on a flawed hypothetical question. Doc. No. 20 at 15-18, 26-28, 35-36. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's decision be **REVERSED**.

    **I.**    <u>**STANDARD OF REVIEW**</u>

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS

Claimant argues that the ALJ made the following errors: (1) finding that Claimant's mental conditions did not constitute severe impairments; (2) finding that Claimant has the RFC for light work, but not adequately considering and weighing the medical opinions; and (3) relying on the VE's vocational interrogatory, which was based on a flawed hypothetical question. Doc. No. 20 at 15-18, 26-28, 35-36.

### A. Failure to Find Mental Conditions as Severe Impairments

Claimant argues that the ALJ erred in finding that her mental conditions were not severe impairments. Doc. No. 20 at 15-18. At step two of the sequential evaluation process, the ALJ found that Claimant suffers from the following severe impairments: hepatitis C, lumbar disorder, and obesity. R. 36.

To constitute a severe impairment at step two, an impairment must significantly limit an individual's ability to perform basic work skills. 20 C.F.R. § 416.920(c). The Eleventh Circuit has found that an "impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). The Eleventh Circuit has "described step two as a 'filter' requiring the denial of any disability claim where no severe impairment or combination of impairments is present." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 950 (11th Cir. 2014) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).[1] "To proceed to step three of the evaluation process, an ALJ need only conclude that an applicant had 'at least one' severe impairment." *Id.* at 951 (quoting *Jamison*, 814 F.2d at 588). "[T]he only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability." *Id.* Thus, so long as the ALJ finds any impairment or combination of impairments severe at step two, the ALJ may proceed to the remaining steps in the sequential evaluation process, and there is no need for the ALJ to identify every severe impairment at step two. *Id.*; *see also Farrington v. Astrue*, No. 3:09-cv-94-J-TEM, 2010 WL 1252684, at *4 (M.D. Fla. Mar. 29, 2010) (finding a single impairment at step two is all that is required so long as the ALJ considers all impairments, both severe and non-severe, throughout the sequential evaluation process, including in determining claimant's RFC).

In this case, at step two, the ALJ concluded that Claimant's hepatitis C, lumbar disorder, and obesity were severe impairments, and then proceeded to the next step in the sequential evaluation process. R. 36-43. The regulations and the Eleventh Circuit require nothing more. Claimant's argument that the ALJ erred at step two by failing to find her mental conditions to be

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.

severe impairments is misplaced because the ALJ found other severe impairments at step two, and therefore, Claimant suffered no harmful error at step two.

### B. Evaluation of Medical Opinions

Claimant argues that the ALJ erred regarding three medical opinions. Doc. No. 20 at 26-28. First, Claimant argues that the ALJ incorrectly gave great weight to the opinion of the non-examining, non-treating physician, Dr. Eric Puestow. *Id.* at 26. Second, Claimant contends that the ALJ erred by not assigning any weight to the medical opinion of Claimant's treating physician at Brevard Health Alliance or to the opinion of Barbara M. Paulillo, Psy.D., an examining consultative physician. *Id.* at 27-28.

Dr. Puestow completed a medical interrogatory on June 11, 2016, and stated that Claimant could sit for four hours at a time and stand and walk for three hours at a time. R. 721. He opined that Claimant could sit for eight hours and stand and walk for four hours in an eight-hour workday, with six to eight hours of standing and walking with ambulation. R. 721. Dr. Puestow found that Claimant could frequently lift and carry up to ten pounds, occasionally lift eleven to twenty pounds, and never lift twenty-one to one hundred pounds. R. 722. He opined that Claimant can continuously reach, handle, finger, feel and push/pull with both hands and continuously operate foot controls. R. 723. Dr. Puestow found that Claimant can occasionally climb stairs, ramps, ladders, or scaffolds, balance, stoop, kneel, crouch, and crawl. R. 724. He opined that Claimant can occasionally tolerate unprotected heights and can continuously tolerate moving mechanical parts; operating a motor vehicle; humidity and wetness; dust, odors, fumes and pulmonary irritants; extreme cold and heat; vibrations; and very loud noise. R. 725.

In a medical record dated January 15, 2015, from Brevard Health Alliance, where Claimant was treated from April 9, 2014, through May 4, 2015, Lesli Hamilton, MSN, ARNP,

BC, stated the following under the category Impressions & Recommendations Leg Edema: "elevate, walk daily avoid sitting for long times[.]" R. 605. On January 8, 2014, Dr. Paulillo completed a "Social Security Disability Determinations General Clinical Evaluation with Mental Status." R. 424. In it, Dr. Paulillo diagnosed Claimant with depression and stated that Claimant's judgment appeared below average and her insight was limited. R. 427, 428.

In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

The ALJ gave the opinion of Dr. Eric Puestow, a non-examining, non-treating physician, great weight. R. 40. Claimant argues that this was error because Dr. Puestow did not examine Claimant and it was not clear that he had all her medical records. Doc. No. 20 at 26.

"An ALJ is to accord 'little weight' to a non-examining doctor's report 'if it contradicts an examining doctor's report' because 'such a report, standing alone, cannot constitute substantial evidence.'" *Brown v. Comm'r of Soc. Sec.*, 442 F. App'x 507, 512 (11th Cir. 2011) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir.1991)). Claimant does not argue that Dr. Puestow's opinion contradicts an examining doctor's report. Additionally, Claimant relies on speculation in arguing that it is not clear that Dr. Puestow had all her records, basing this

argument on Dr. Puestow not mentioning findings from hospital stays or edema noted in the Brevard Health Alliance records. Doc. No. 20 at 26. In contrast to this speculation, the letter asking Dr. Puestow for his opinion specifically states that it includes the record. R. 717. Thus, Claimant fails to show that the ALJ erred in affording Dr. Puestow's opinion great weight.

The ALJ did not state the weight he gave to the opinions of Hamilton or Dr. Paulillo, however. Although the ALJ discussed Dr. Paulillo's opinion in finding that Claimant's depression is not a severe mental limitation, he did not state the weight he gave that opinion. This is significant because Dr. Paulillo diagnosed Claimant with depression and found her judgment below average and her insight limited, R. 427-28, but the RFC the ALJ assigned Claimant does not contain any mental limitations. R. 38.

Although nurse practitioners are not acceptable medical sources, "their opinions may be used to show the severity of an impairment and how it affects a claimant's ability to work." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014).[2] By failing to state the weight the ALJ accorded to Dr. Paulillo's and Hamilton's opinions, and the reasons for such weight, the ALJ reversibly erred. *Jackson v. Astrue*, No. 8:06-CV-1631T26TBM, 2007 WL 2428815, at *5 (M.D. Fla. Aug. 17, 2007) (ALJ reversibly erred by failing to state the weight given the examining physician's and ARNP's opinions).

The Commissioner argues that Hamilton's opinion was not a limitation on Claimant's ability to work, but rather was a recommendation designed to help her alleviate her leg swelling or edema. Doc. No. 20 at 32. The Commissioner also argues that Claimant failed to demonstrate that the limitations should have been included in the RFC. *Id.* There is no evidence that

---

[2] On November 10, 2016, when the ALJ issued his decision, 20 C.F.R. § 404.1513 included subsection (d)(1), which stated that an "other source" from which the ALJ could obtain evidence regarding the severity of the claimant's impairments and how the impairments affect the claimant's ability to work includes medical sources such as nurse-practitioners.

Hamilton's statement that Claimant elevate her leg and avoid sitting for prolonged periods was a recommendation solely designed to help alleviate her condition, as opposed to a limitation on Claimant's ability to sit and stand. Additionally, it is necessary for the ALJ to state the weight given the opinion for the Court and the parties to evaluate whether the limitations should have been included in the RFC.

The Commissioner also argues several reasons why the ALJ could properly reject Hamilton's opinion, including that Claimant's leg edema improved, her legs showed no clubbing, cyanosis, or deformity noted with normal full range of motion of all joints, and there was no more than trace left pedal edema and trace right pedal edema. *Id.* at 33. These arguments constitute improper *post hoc* reasons to uphold the decision. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order") (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974)).

The Commissioner's last argument regarding Hamilton's opinion is that the limitations do not meet the durational requirements under the Social Security Act. Doc. No. 20 at 33. The durational requirements refer to the impairment itself, however, not the limitations the impairment causes. 42 U.S.C. § 1382c(a)(3)(A) (a person is disabled for Social Security purposes "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental *impairment* which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." (emphasis added)).

Finally, the Commissioner argues that Claimant failed to prove that that she could not perform the RFC or that she has limitations that were not included in the RFC. Doc. No. 20 at 34. Plaintiff presented medical opinions that she had limitations regarding elevating her leg, sitting for prolonged periods, and has below average judgment and limited insight, both of which the ALJ failed to weigh and include in the RFC. Thus, this argument is rejected. It is recommended that the Court reverse the decision and remand based on the ALJ's failure to state with particularity the weight given to Dr. Paulillo's and Hamilton's medical opinions.

### C. Reliance on VE's Conclusions

Claimant argues that the ALJ erred in relying on the VE's conclusion that there were other jobs that Claimant could perform because the hypothetical question to the VE did not adequately reflect Claimant's limitations. Doc. No. 20 at 35-36. As mentioned above, due to the errors in weighing the medical opinions in the record, the decision must be reversed, and this case remanded. On remand, the ALJ will consider the entire record and determine an RFC based on all the medical opinions. Any hypothetical question to the VE must be based on a proper RFC finding. *See Dial v. Comm'r of Soc. Sec.*, 403 F. App'x 420, 421 (11th Cir. 2010) (VE's testimony was not substantial evidence supporting ALJ's decision where ALJ failed to include all employment limitations in hypothetical question to VE). Because this case must be remanded for a proper RFC determination, it would be otiose to address Claimant's arguments regarding the hypothetical question posed to the ALJ on this record. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *see also McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

III.     **CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on September 13, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Christopher Harris, Regional Chief Counsel
John C. Stoner, Acting Regional Deputy Chief Counsel
Brian Seinberg, Branch Chief
Richard V. Blake, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable James Andres
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Suite 1000, 10th Floor
500 East Broward Blvd.
Ft. Lauderdale, FL 33394-3026